IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NANA YULIANA AND DIAN HAPSARI, | § § | |
| *Plaintiffs,* | § § | |
| v. | § § | No.: 5:20-CV-00385-XR |
| PY & LCT TRANSPORT, INC. AND FRED WILLIAM RIVERA VAZQUEZ, | § § § | |
| *Defendants.* | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE XAVIER RODRIGUEZ:

COME NOW, Plaintiffs, Nana Yuliana ("Yuliana") and Dian Hapsari ("Hapsari") (collectively referred to as "Plaintiffs"), complaining of Defendants, PY & LCT Transport, Inc. ("PY & LCT") and Fred William Rivera Vazquez ("Vazquez") (collectively referred to as "Defendants") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### I. PARTIES

1. Plaintiff Yuliana is an individual that is a citizen of Indonesia.

2. Plaintiff Hapsari is an individual that is a citizen of Indonesia.

3. Defendant PY & LCT is corporation that is incorporated under the laws of the state of Florida with its principal place of business is in Florida. Defendant PY & LCT has appeared and answered in this case. (Docket No. 4).

4. Defendant Vazquez is an individual and citizen of Florida. This Defendant has appeared and answered in this case. (Docket No. 11).

## II. JURISDICTION

5. The federal courts have diversity jurisdiction when the suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.00, excluding interest and costs. 28 U.S.C. § 1332(a).

6. This Court has original jurisdiction because diversity of citizenship exists between the parties. 28 U.S.C. § 1332(a)(2). Plaintiffs are citizens of Indonesia and domiciled in the State of Texas. Defendants are both citizens of Florida.

7. Plaintiffs seek monetary relief in excess of $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.[1]

## III. VENUE

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. The accident made the basis of the lawsuit occurred in Bexar County, San Antonio, Texas.

## IV. FACTS

9. Plaintiff Yuliana is the Consul General of the Republic of Indonesia. Plaintiff Hapsari is the Vice Consul for Protocol and Consular Affairs for the Republic of Indonesia.

10. On or about February 6, 2020, at approximately 11:55 a.m., Plaintiffs Yuliana and Hapsari were passengers in a motor vehicle travelling westbound on Interstate 10 East near North Graytown Road in San Antonio, Bexar County, Texas when Defendants' vehicle suddenly and violently struck Plaintiffs' vehicle.

---

[1] *See* Plaintiffs' Original Petition, page 1, ¶2 (Docket No. 1, Exhibit 2, Page 9).

11. Just prior to the accident, Plaintiffs' vehicle came to stop due to heavy traffic on the highway. Texas Peace Officer's Crash Report states that Defendant Vazquez "crashed into" Plaintiffs' vehicle "as he applied his brakes and skidded around 100 feet." A witness saw Defendant Vazquez "traveling at an estimated 70-75 miles per hour prior to crashing into" Plaintiffs' vehicle. In fact, the report states that Defendant Vazquez told Officer Alaniz that "he noticed traffic slowing and applied his brakes, but a cabinet behind his chair came down on his head which forced him down in the seat" and that he "could not see before the crashed into the vehicles."

12. At the time of the accident, Defendant Vazquez was negligently driving a commercial truck-tractor trailer ("tractor-trailer") owned and operated by Defendant PY & LCT. At all relevant times, Defendant Vazquez was acting in the course and scope of his employment with Defendant PY & LCT. Furthermore, upon information and belief, Defendant Vazquez was reckless, inattentive, and operating the commercial tractor-trailer at a dangerously high rate of speed immediately prior to the collision.

13. As a result of Defendants' actions, the commercial vehicle owned by PY & LCT rammed into the back of the vehicle occupied by the Plaintiffs' causing them severe injuries. Plaintiffs Yuliana and Hapsari were immediately taken by San Antonio Emergency Medical Service to Brooke Army Medical Center for emergency treatment.

## V.  CAUSES OF ACTION

**A.  <u>NEGLIGENCE AND GROSS NEGLIGENCE AGAINST DEFENDANT VAZQUEZ</u>**

14. Plaintiffs repeat and re-allege each contained above.

15. At the time of the accident, Defendant Vazquez was operating his vehicle negligently. Defendant had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Defendant breached that duty in one or more of the following ways:

   a. Failing to timely apply the brakes;

   b. Failing to safely stop and/or slow the vehicle;

   c. Failing to control speed;

   d. Failing to maintain a proper lookout;

   e. Failing to pay attention to the road ahead;

   f. Failing to operate the vehicle safely;

   g. Failing to maintain proper control of the vehicle;

   h. Failing to turn the vehicle to avoid the collision;

   i. Failing to drive in a single lane;

   j. Driving Defendants' vehicle at a rate of speed greater than that at which an ordinarily prudent person would have driven under the same or similar circumstances;

   k. Following Plaintiffs' vehicle more closely than an ordinarily prudent person would have done under the same or similar circumstances;

   l. Failing to follow applicable rules and regulations, including but not limited to, Federal Motor Carrier Safety Regulations ("FMCSR") and Texas Transportation Code;

   m. Operating a commercial motor vehicle at an unsafe speed; and

   n. Other acts deemed negligent and grossly negligent.

16. Defendant's breach of the foregoing duties was both the cause in fact and proximate cause of Plaintiffs injuries. As a result of Defendant's negligence, Plaintiffs suffered significant, serious and debilitating injuries.

17. Additionally, Defendant's actions were done with a reckless disregard to a substantial risk of severe bodily injury and death. Therefore, Plaintiffs' are entitled to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### B. RESPONDEAT SUPERIOR

18. Plaintiffs repeat and re-allege each contained above.

19. Plaintiffs contend Defendant Vazquez was operating the commercial tractor-trailer in the course and scope of his employment for Defendant PY & LCT, and as such, Defendant PY & LCT is vicariously liable for the acts and/or omissions of its agent, owner, and/or employee and Plaintiffs hereby invoke the doctrine of Respondeat Superior.

20. Each of the above acts and/or omissions, singularly or in combination with each other, constituted negligence, negligence per se, and/or gross negligence, which proximately and directly caused Plaintiffs' injuries and damages.

### C. NEGLIGENCE AGAINST DEFENDANT PY & LCT

21. Plaintiffs repeat and re-allege each contained above.

22. At the time of the accident, Defendant Vazquez was operating the commercial tractor-trailer in the course and scope of his employment for Defendant PY & LCT. As such, the Defendants had an employer-employee relationship.

## *N<small>EGLIGENT</small> H<small>IRING OF AN</small> E<small>MPLOYEE</small>*

23. Defendant PY & LCT owed Plaintiffs a duty of ordinary care in hiring competent employees. As a result of Defendant's negligent hiring, Plaintiffs suffered serious and substantial injuries because Defendant PY & LCT:

   a. Failed to conduct a reasonable and adequate interview of Defendant Vazquez as a potential employee;

   b. Failed to properly investigate information not provided by Defendant Vazquez in the interview process;

   c. Failed to conduct a proper employment and background check;

   d. Failed to sufficiently investigate Defendant Vazquez's training, prior employment, criminal record, and past;

   e. Failed to perform the required screening, testing, and physical Defendant Vazquez;

   f. Failed to adopt proper policies and procedures regarding the interview and retention of a potential employee who will be driving a commercial vehicle on the highways of the State of Texas and throughout the country; and

   g. Failed to follow applicable rules and regulations, including but not limited to, FMCSR and Texas Transportation Code.

24. Defendant's breach of duty proximately caused severe injuries to Plaintiffs.

## *N<small>EGLIGENT</small> T<small>RAINING OF AN</small> E<small>MPLOYEE</small>*

25. Defendant PY & LCT owed Plaintiffs a duty of ordinary care in adequately training its employees. As a result of Defendant's negligent training, Plaintiffs suffered serious and substantial injuries because Defendant PY & LCT:

   a. Failed to properly train its employees;

   b. Failed to explain and demonstrate its safety policies and procedures to Defendant Vazquez;

   c. Failed to provide the necessary training to Defendant Vazquez so to allow Defendant Vazquez to drive the commercial vehicle safely;

    d. Failed to instruct Defendant Vazquez how to properly maintain the commercial vehicle so as to ensure the vehicle was in the condition required by law;

    e. Failed to provide and/or require regular follow-up driver education and training; and

    f. Failed to follow applicable rules and regulations, including but not limited to, FMCSR and Texas Transportation Code.

26. Defendant's breach of duty proximately caused severe injuries to Plaintiffs.

### *NEGLIGENT SUPERVISION AND RETENTION OF AN EMPLOYEE*

27. Defendant PY & LCT owed Plaintiffs a duty of ordinary care in adequately supervising and retaining its employees. As a result of Defendant's negligent training, Plaintiffs suffered serious and substantial injuries because Defendant PY & LCT:

    a. Failed to properly supervise its employees;

    b. Failed to prudently supervise their truck driver;

    c. Failed to monitor Defendant Vazquez to ensure his compliance with all policies and procedures;

    d. Failed to interview and test Defendant Vazquez to ensure he had read, was familiar with, and understood and followed all company policies and procedures;

    e. Failed to implement proper policies and procedures for its employees, including Defendant Vazquez, regarding driver safety and vehicle safety;

    f. Failed to supervise Defendant Vazquez to ensure that he was keeping his vehicle properly maintained; and

    g. Failed to follow applicable rules and regulations, including but not limited to, FMCSR and Texas Transportation Code

28. Defendant's breach of duty proximately caused severe injuries to Plaintiffs.

### *NEGLIGENT ENTRUSTMENT OF A MOTOR VEHICLE*

29. Plaintiffs repeat and re-allege each and every allegation contained above.

30. Defendant PY & LCT owned the tractor-trailer Defendant Vazquez was driving when he crashed into the Plaintiffs' vehicle.  Defendant PY & LCT knew or should have known that Defendant Vazquez was not properly trained, lacked proper education, background, training, and/or experience to safely operate the commercial tractor-trailer, and who was incompetent and/or a reckless driver.

31. At the time of the accident, Defendant Vazquez's negligence proximately caused Plaintiffs' severe injuries and damages.

### D.  NEGLIGENCE PER SE

32. Plaintiffs repeat and re-allege each and every allegation contained above.

33. In addition to the other causes of actions alleged above, Defendants' negligence violated FMCSR and Texas Transportation Code.

34. Specifically, Defendants violated Texas Transportation Code sections that may impose tort liability of negligence per se related to operation of a motor vehicle.

35. Further, Defendants operated the tractor-trailer in a manner that violated sections of the FMCSR, including § 392.2.  *See* 49 C.F.R. 390.

36. The purpose of FMCSR is, among other things, to promote the safe operation of commercial vehicles, minimize damages to the health of operators of commercial vehicles, and enhance commercial motor vehicle safety and thereby reduce highway fatalities, injuries, and property damage.  49 U.S.C.A. § 31131.  Sections of Texas Transportation Code were created to protect individuals involved in an accident or collision involving a vehicle in Texas.  *See* TEX. TRANSP. CODE.  Plaintiffs claims against Defendants involve highway injuries caused by the

unsafe operation of a commercial motor vehicle. Therefore, Plaintiffs belong to the class that the FMCSR and Texas Transportation Code were intended to protect and their injuries are the type that the regulations and/or statutes were designed to protect.

37. Defendants' violations of the Texas Transportation Code and FMCSR were without a legal excuse. Defendants' breach of duty imposed by Texas Transportation Code and FMCSR proximately caused injuries to Plaintiffs, which resulted in Plaintiffs' severe injuries and damages.

## VI. DAMAGES

38. Plaintiffs allege that as a direct and proximate result of the acts and/or omissions on the part of Defendants, Plaintiffs sustained severe and disabling bodily injuries and is entitled to recover the following damages:

   a. Past and future medical expenses;
   b. Past and future pain and suffering;
   c. Past and future mental anguish;
   d. Physical impairment in the past;
   e. Physical impairment in the future;
   f. Disfigurement suffered in the past;
   g. Disfigurement suffered in the future;
   h. Lost wages and loss of wage earning capacity, past and future;
   i. Pre-judgement and post-judgement interest as allowed by law;
   j. Costs of suit; and
   k. All other relief the Court deems appropriate

39. In addition, the actions above constitute gross negligence under Texas law and Plaintiffs are entitled to an award of exemplary damages.

## VII. PRAYER

40. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs be awarded and recover such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual damages.  In addition, for all costs of Court on Plaintiffs' behalf expended, for pre-judgment and post-judgment interest as allowed by law, exemplary damages, and for any other and further relief, either at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**HAUN MENA, PLLC**

By: */s/ D. Douglas Mena*
D. DOUGLAS MENA
State Bar No. 24054982
Federal Bar No. 900712
RYAN K. HAUN
State Bar No. 24055634
Federal Bar No. 712457
WENDY WARE BISHOP
State Bar No. 24064904
Federal Bar No. 1120029

3006 Brazos Street
Houston, Texas 77006
(713) 781-8600 – Telephone
(713) 781-8601 – Fax
doug@haunmena.com
ryan@haunmena.com
wendy@haunmena.com

**SUDARMA LAW FIRM, PLLC**

By: */s/ W. Nathan Sudarma*
W. NATHAN SUDARMA
State Bar No.: 24110677
Federal Bar No. 3535145

PO Box 1406
Sugar Land, Texas 77487
(832) 680-2380 – Telephone
nathan.sudarma@sudarmalawfirm.com

**ATTORNEY FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I certify that on the **5TH** day of **May**, 2020, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Western District of Texas, using the electronic filing system of the Court, which sent a "Notice of Electronic Filing" to:

David L. Sargent
Sargent Law, P.C.
1717 Main Street, Ste. 4750
Dallas, Texas 75201
(214) 749-6000
(214) 749-6100 (fax)
david.sargent@sargentlawtx.com

*/s/ D. Douglas Mena*
D. Douglas Mena